IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gary Releford, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 4039 |
| Professional Recovery Services, Inc., a New Jersey corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gary Releford, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

    1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

    2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

    3.    Plaintiff, Gary Releford ("Releford"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Chase credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Professional Recovery Services, Inc. ("PRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRS conducts business in Illinois.

6. Moreover, Defendant PRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRS acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Releford is a disabled Vietnam veteran and senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Chase credit card. When PRS began trying to collect this debt from Mr. Releford, by sending him collection letters dated October 27, 2010 and November 26, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRS's collection actions. Copies of Defendant's letters are attached as Group Exhibit C.

8. Accordingly, on January 20, 2011, one of Mr. Releford's attorneys at LASPD informed PRS, in writing, that Mr. Releford was represented by counsel, and

directed PRS to cease contacting him, and to cease all further collection activities because Mr. Releford was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant PRS sent a collection letter, dated February 8, 2011, directly to Mr. Releford, which demanded payment of the Chase debt. A copy of this letter is attached as Exhibit E.

10. Accordingly, on March 21, 2011, one of Mr. Releford's LASPD attorneys had to write to Defendant PRS again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Undeterred, on June 13, 2011, a debt collector for Defendant PRS, "Gary Fleming", called Mr. Releford, from 866-556-2117, and demanded that he go get a job and pay the Chase debt. In that Mr. Releford is an amputee and on daily kidney dialysis, Mr. Releford declined this demand and referred the debt collector back to his attorneys at LASPD.

12. Defendant PRS's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant PRS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from

3

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters from Mr. Releford's, attorney/agent, LASPD, told Defendant PRS to cease communications and cease collections (Exhibits D and F).  By continuing to communicate, in writing (Exhibit E) and on the phone, regarding this debt and demanding payment, Defendant PRS violated § 1692c(c) of the FDCPA.

17.     Defendant PRS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant PRS knew that Mr. Releford was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibits D and F), that he was represented by counsel, and had directed Defendant PRS to cease directly communicating with him.  By directly sending Mr. Releford a collection letter (Exhibit E) and calling him to demand payment, despite being advised that he was represented by counsel, Defendant PRS violated §

4

1692c(a)(2) of the FDCPA.

21. Defendant PRS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gary Releford, prays that this Court:

1. Find that Defendant PRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Releford, and against Defendant PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gary Releford, demands trial by jury.

Gary Releford,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 14, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com